United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTERED SEMICONDUCTOR MANUFACTURING, LTD., a Singapore corporation, | No. C 04-05418 WHA |
| Plaintiff, | **FINAL PRETRIAL ORDER** |
| v. | |
| INTEGRATED SEMICONDUCTOR SERVICE, INC., a California corporation, | |
| Defendant. / | |
| INTEGRATED SEMICONDUCTOR SERVICE, INC., | |
| Counter-claimant, | |
| v. | |
| CHARTERED SEMICONDUCTOR MANUFACTURING LTD., a Singapore corporation, | |
| Counter-defendant. / | |

**FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

1. This case shall go to a **BENCH TRIAL** on **MARCH 13, 2006**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried

1 shall be those set forth in the joint proposed pretrial order except to the extent modified by order
2 *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims,
3 cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain
4 in the case.

5     2. Rulings on the motion *in limine* shall be summarized in a joint proposed order
6 and brought to the first day of trial. Be sure to have all discovery requests and Rule 26
7 disclosures handy for the follow-up rulings.

8     3. Except for good cause, each party is limited to the witnesses and exhibits
9 disclosed in the joint proposed final pretrial order less any excluded or limited by an order
10 *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may
11 be used, subject to the rules of evidence.

12     4. The stipulations of facts set forth in the joint proposed final pretrial order are
13 approved and binding on all parties.

14     5. Each side shall have **SIX HOURS** to examine witnesses (counting direct
15 examination, cross-examination, re-direct examination, re-cross examination, etc.).
16 Opening statements and closing arguments shall not count against the limit. In setting this
17 limit, the Court has carefully considered the witness summaries provided for the final pretrial
18 conference. Counsel had been directed to specify for each witness all non-cumulative
19 testimony. Conclusory and repetitive proffers were made instead. Counsel wholly failed to
20 justify the lengthy time estimates requested. The Court nonetheless did the best it could with
21 the information given. It also drew on its experience in presiding over cases of similar
22 complexity and the Court's earlier 25 years in trial practice as a lawyer. Finally, the Court took
23 into account the competing demands on the Court's calendar and the need to reduce the burden
24 on the members of the jury who will decide the case. The limits are subject to enlargement but
25 only on the "safety-valve" terms explained at the final pretrial conference.

6. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

**IT IS SO ORDERED.**

Dated:  February 27, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE