UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARTERED SEMICONDUCTOR MANUFACTURING, LTD., <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED SEMICONDUCTOR SERVICE, INC., <br><br> Defendant. <br> ———————————————— <br> INTEGRATED SEMICONDUCTOR SERVICE, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> CHARTERED SEMICONDUCTOR MANUFACTURING, LTD., <br><br> Counter-Defendant. | No. C04-5418 WHA (BZ) <br><br> **ORDER GRANTING PLAINTIFF CHARTERED SEMICONDUCTOR'S MOTION TO COMPEL DISCOVERY, AND GRANTING PLAINTIFF'S REQUEST FOR PAYMENT OF REASONABLE ATTORNEYS' FEES** |

By order dated March 1, 2007, the Honorable William Alsup referred to me all proceedings relating to plaintiff Chartered Semiconductor's application for writ of possession. Plaintiff filed its motion to compel post-judgment discovery on April

1

19, 2007, but noticed it before Judge Alsup. By order dated May 15, 2007, Judge Alsup clarified that the motion to compel was encompassed in his previous referral.[1] I thereafter issued a briefing order.[2] Included in the motion was a request for payment of reasonable attorneys' fees incurred in pursuing the motion. Having reviewed the parties papers, I conclude there is no need for a hearing, and **GRANT** plaintiff's motion.

Pursuant to a stipulated judgment dated March 13, 2006, defendant Integrated Semiconductor is adjudged to owe plaintiff two robots and $100,000 to be paid in installments. See Docket No. 25. Defendant has failed to pay a portion of the judgment and, through a series of acts, plaintiff has attempted to secure the moneys owed. See Docket No. 20 (Motion for Writ of Execution); Docket No. 30 (Motion for Leave to Appear re Application and Order for Appearance and Examination of the President of Semiconductor Service, Inc.); Docket No. 36 (Motion for Writ of Possession); Docket No. 42 (Motion to Enforce Judgment re Fraudulent Transfers). Despite these efforts, the judgment remains partially unsatisfied.

The following facts are undisputed: On March 12 and 13,

---

[1] On April 18, 2007, plaintiff filed an identical motion noticed before me. Docket No. 60. I construe the April 19 motion and subsequent re-notice of the motion before me as serving to supercede and supplant the April 18 motion.

[2] Plaintiff filed a motion to reconsider my briefing order, arguing that defendant should not have had another opportunity to file opposition. Docket No. 70. The confusion as to which judge would hear the motion to compel, however, necessitated the opportunity. Moreover, because plaintiff's motion is being granted, the motion to reconsider is **DENIED** as moot.

2007, plaintiff served defendant with a request for production of documents and a set of five interrogatories. Mooney Decl. ¶ 2.  By several communications in mid-April, plaintiff inquired of defendant as to the status of the discovery. Id. at ¶ 6. Although defendant suggested that a meet and confer session take place on April 18, it did not confirm the time suggested by plaintiff in correspondence and failed to return a phone call placed on April 18.  Id. at ¶ 6.  On May 30, 2007 - well after I had received the motion and issued a briefing schedule thereon - defendant served its responses to the requests.  See Def.'s Opp., Exh. A; Pl.'s Reply at 2.  Thus, approximately two-and-one-half months elapsed prior to defendant's response to plaintiff's discovery requests.

Defendant attacks the motion to compel on two grounds. First, it claims that plaintiff's discovery requests are not enforceable because it failed, pursuant to Civil Local Rule 26-2, to seek leave from Judge Alsup to extend the discovery cut-off date set in his Initial Case Management Order.  See Docket No. 7 (setting the discovery cut-off date at November 4, 2005).  This argument is wholly without merit.

Federal Rule of Civil Procedure 69(a) provides: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held."  Thus, the Rule explicitly allows for discovery relating to collection on a judgment.  Judge Alsup's Case Management Order, however, deals with *pre-trial* matters.

3

1  It in no way implicates post-judgment collection proceedings,
2  and certainly does not establish a cut-off date for Rule 69
3  discovery.
4       Second, defendant argues that the motion to compel is
5  moot because it has responded to plaintiff's requests.  In its
6  reply, however, plaintiff states that defendant's responses
7  are inadequate.  In particular, defendant objected to and
8  refused to respond to three document requests and three
9  interrogatories.  See Pl.'s Reply at 2; Def's Opp., Exh. A.
10 Plaintiff argues that, by failing to timely respond to its
11 requests, defendant has waived its objections.  See Richmark
12 Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th
13 Cir. 1992).  I agree that defendant's objections fail.
14      Answers and objections to interrogatories are due within
15 thirty days of the initial service.  Fed. R. Civ. P. 33(b)(3).
16 All objections are to be stated with specificity, and any
17 untimely objection is waived unless good cause excuses such
18 failure.  Rule 33(b)(4).  A written response to request for
19 production of documents, including all objections, also is due
20 within thirty days of the initial service.  Rule 34(b).  The
21 reasons for such objections must be stated, id., and a failure
22 to object timely generally serves to waive objections.
23 Richmark Corp., 959 F.2d at 1473; Escalante v. Delano, 2006 WL
24 1376960, at *2-*3 (E.D. Cal.).  Defendant failed to set forth
25 good cause - or any cause, for that matter - for why the
26 responses were late.
27      Had defendant timely objected, the objections would have
28 been largely overruled.  Defendant's objections are largely

4

boilerplate in nature, providing little specificity as to why the requests are objectionable.  In its papers, defendant provided no further explanation of its objections.

For these reasons, I find no merit to defendant's arguments, and I **GRANT** plaintiff's motion to compel relating to those categories of information withheld by defendant based on its objections, i.e., Interrogatory Nos. 1, 2 and 5, and Request for Production Nos. 6, 9 and 10.[3]  Defendant will serve its responses by **June 25, 2007**.

Finally, plaintiff requests $1,120 in attorneys' fees reasonably incurred in pursuing this motion to compel.[4]  See Mooney Decl. ¶ 2.  Federal Rule of Civil Procedure 37(a)(4)(A) permits an award of reasonable expenses unless plaintiff failed to make a good faith effort to obtain the discovery; the defendant's opposition was substantially justified; or an award is otherwise unreasonable.  None of the exceptions apply.  I find plaintiff's expenses reasonable and, therefore, **GRANT** plaintiff $1,120 in attorneys' fees.

Dated: June 8, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\CHARTERED SEMICONDUCTOR\ORDER.GRANT.MOTION.COMPEL.wpd

---

[3] Plaintiff claims in part that defendant is avoiding paying the judgment by transferring funds to its sole shareholder.  See Pl.'s Reply at 1.  Additionally, defendant's general financial state is of obvious interest to plaintiff.  In reviewing the six discovery requests, I am satisfied that they are reasonably calculated to lead to discovery of admissible evidence relating to its attempts to collect on the judgment.

[4] Plaintiff having moved for fees in its motion, defendant was clearly on notice of the issue.  Defendant, however, failed even to object to plaintiff's request.

5